UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENT ZDUN,
on behalf of himself and all similarly
situated individuals,

    Plaintiff,

v.                                                   CASE NO.:

VIRTU CATHEDRAL ASSOCIATES,
LLC., a Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRENT ZDUN ("**Plaintiff**"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, VIRTU CATHEDRAL ASSOCIATES, LLC ("**Virtu Cathedral**" or "**Defendant**"), and states as follows:

### INTRODUCTION

1. This is an action for failure to pay minimum wage and overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 206 and 207(a).

2. Section 6 of the FLSA requires payment of at least federal minimum wage for all weeks worked.

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. Defendant has violated the FLSA by misclassifying Plaintiff and those

similarly situated as "independent contractors" and refusing to pay them both minimum wage and time and one-half for overtime.

## JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to: (i) recover at least the statutory minimum wage for all hours worked; (ii) unpaid overtime wages; (iii) recover an additional equal amount as liquidated damages; and (iv) recover reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. Venue is proper as the acts and omissions giving rise to Plaintiffs' claims occurred in St. Johns County, Florida.

## PARTIES

8. At all times material hereto, Brent Zdun, was a resident of St. Johns County, Florida.

9. At all times material hereto, Virtu Cathedral Associates, LLC, was and is a foreign limited liability company that maintains a place of business and conducts business in St. John County, Florida. Virtu Cathedral Associates, LLC can be served with process upon its registered agent, Richard G. Rumrell, at 24 Cathedral Place, Suite 504, St. Augustine, FL 32084.

10. Virtu Cathedral is the owner of 24 Cathedral Place St. Augustine, FL 32084 (the "**Property**") a commercial building with tenants, and provides maintenance services to the building as owner.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material hereto, Plaintiff was a skilled laborer, and was classified as an "independent contractor" by Defendant.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14. At all times material hereto, Plaintiff was engaged in the "production of goods or service for commerce" and subject to the individual coverage of the FLSA.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

16. At all times material hereto, Defendant was an employer within the meaning of the FLSA and Defendant continued to be an "employer" within the meaning of the FLSA.

17. At all times material hereto Defendant was and continues to be "engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

19. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material to this action, Defendant advertised on the internet, processed credit cards and other payments, communicated via mail, email, and telephone with the clients within and without Florida, and purchased goods produced out of state for use in its business here in St. John County.

21. Further, Defendant had two or more employees who regularly handle Defendant's products and equipment, including tools, supplies, materials, and other equipment, which had previously moved through interstate commerce, during performance of their duties.

**STATEMENT OF FACTS**

22. Defendant operates a property management company in the State of Florida.

23. Defendant misclassified Plaintiff as an independent contractor from the inception of his employment.

24. Plaintiff worked for Defendant as a maintenance worker from approximately January 2012 to May 2016.

25. Plaintiff was paid a set weekly salary for 40 hours of work, which was paid bi-monthly.

26. As a maintenance worker, Plaintiff's job duties included but were not limited to, general repairs, painting, electrical and plumbing repairs, minor renovations and other maintenance type functions.

27. While employed as a maintenance worker, Plaintiff did not supervise two or more full time employees of Defendant.

28. Plaintiff did not have the ability to negotiate his rate of pay.

29. Plaintiff did not negotiate his rate of pay; rather Plaintiff's rate of pay was pre-set by Defendant.

30. Plaintiff was required to follow all of Defendant's company policies and procedures.

31. Defendant determined Plaintiff's work schedule from January 2012 until his termination in or around May 2016.

32. Defendant provided all of the supplies necessary for Plaintiff to perform his work.

33. Plaintiff was not incorporated or otherwise in business for himself during the time that he performed work for Defendant.

34. If Plaintiff wished to take a day off, he was required to request permission from Defendant.

35. Until his termination, Plaintiff did not generate any of his own work as a maintenance worker; rather, he received all of his assignments from Defendant.

36. Plaintiff's opportunity for profit or loss did not depend on his individual entrepreneurial skills.

37. The work performed by Plaintiff was essential and integral to Defendant's management/ownership of the Property.

38. Plaintiff worked for Defendant for approximately 4.5 years.

39. During Plaintiff's employment, Plaintiff's direct supervisor worked for Defendant.

40. Defendant controlled the way in which Plaintiff performed his work, by instructing Plaintiff in the way Defendant wanted the work performed.

41. Defendant set rules and guidelines governing Plaintiff's employment, including but not limited to, hours of work, Plaintiff's rate of pay, and paid time off.

42. Plaintiff did not have the ability to alter or change the terms of his employment.

43. Plaintiff was economically dependent upon Defendant for his livelihood from approximately January 2012 until May, 2016.

44. Specifically, Plaintiff earned 100% of his income from Defendant between approximately January 2012 and May 2016.

45. Defendant knew or should have known that Plaintiff was economically dependent on Defendant and not in business for himself, as he routinely worked over 40 hours per week for Defendant.

46. During the time he worked for Defendant, Plaintiff regularly worked more than forty (40) hours in a workweek.

47. In various weeks during his employment, continuing through approximately May 2016, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

48. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA, in weeks in which he performed work for Defendant.

49. Defendant is in possession of the majority of the records reflecting the amounts paid and the actual hours worked by Plaintiff.

50. The additional persons who may become Plaintiffs in this action also "worked" for Defendant as hourly paid employees while misclassified as independent contractors, worked under the same terms and conditions, and pursuant to the policies, practices, and procedures applicable to Plaintiffs, and were denied proper overtime

compensation for overtime hours due to these policies, practices and procedures, including the policy and practice of misclassifying employees as independent contractors.

51. Defendant has violated Title 29 U.S.C. §207 from at least January 2012 until May 2016, in that:

    A. Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

    B. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above; and

    C. Defendant has failed to maintain proper time records as mandated by the FLSA.

52. Upon information and belief, Defendant did not rely upon any written administrative regulation, order, ruling, approval or interpretation of the Department of Labor Wage and Hour Division in creating Plaintiff's pay structure.

53. Defendant knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act or was in reckless disregard for its provisions. As such, Defendant's violation of the law was willful.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

54. Plaintiff re-alleges and re-avers paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Plaintiff was an employee of Defendant.

56. Defendant was Plaintiff's employer as defined by the FLSA

57. Defendant is a covered enterprise as defined by the FLSA.

58. Plaintiff regularly worked in excess of forty (40) hours per week for Defendant.

59. Plaintiff is entitled to one and one half times his regular hourly rate for all hours worked over forty (4) in each week during which he worked as maintenance worker for Defendant.

60. Defendant failed to pay Plaintiff time and one half his regular hourly rate for all hours worked in excess of forty (40) in each week in which he worked as a maintenance worker Defendant.

61. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

62. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

63. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

64. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

65. Based upon information and belief, Plaintiff was not paid for all hours

worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendant has failed to properly pay Plaintiff, proper overtime wages at time and one-half his regular rate of pay for such hours.

66. Plaintiff routinely worked more than 40 hours a week without being paid adequate overtime compensation by Defendant.

67. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

68. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated, respectfully requests:

    a. A declaration be entered, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Conditional certification, pursuant to Section 216(b) of the FLSA, of Defendant's employees, who performed labor in the furtherance of Defendant maintaining properties and worked over 40 hours in one or more workweeks;

    c. An Order permitting Notice to all potential class members;

    d. Entry of a judgment awarding:

        i. Plaintiff overtime compensation in the amount due to them for

Plaintiff's time worked in excess of forty (40) hours per work week,

ii. Plaintiff's liquidated damages in an amount equal to the overtime award,

iii. Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

iv. Awarding Plaintiff's pre-judgment interest; and

e. Any such other and further the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

DATED this 19th day of May, 2017.

                Respectfully submitted,

                **MORGAN & MORGAN, P.A.**

By:    */s/ Paul M. Botros*
        Paul M. Botros, Esq.
        Florida Bar No.:63365
        600 N. Pine Island Rd.
        Suite 400
        Plantation, Florida 33324
        Telephone: (954) 318-0268
        Facsimile: (954) 333-3517
        E-mail: PBotros@forthepeople.com

*Trial Attorneys for Plaintiffs*